*224
 
 Henderson, Judge.
 

 This evidence, if admitted, must be upon some new principle, for there is nothing
 
 dehors
 
 the deed to create an ambiguity. It does not resemble that class of cases, where there is a
 
 line
 
 or a
 
 corner
 
 or a marked
 
 terminus
 
 called for, which does not correspond with the, course and distance mentioned in the deed. Upon such being shewn by parol evidence, or upon an inspection or an examination of the lands themselves, an ambiguity is created, which may be explained
 
 by parol.
 
 This is not to vary or contradict the deed, but to explain the ambiguity arising from the double description. Upon this principle, the cases of
 
 Person and Rountree
 
 and
 
 Eaton and Person
 
 may be explained, and numerous others of the same class. In the case of
 
 Person and
 
 Rountree, the oak called for at the termination of the first line, was actually south of the point of departure, which was designated by being marked as a corner, and there being a line of marked trees leading directly to it, and corresponding in distance. The line running from it to the next corner, was also marked and the corner ascertained. The next course and distance carried you to the creek, which was called for in
 
 the
 
 original grant. This ambiguity permitted the introduction of parol evidence to explain it. And there being no line running north (the course called for in the patent) from the beginning, nor any marked trees, nor any oak or other marked tree at the termination, nor any line of marked frees from the termination of the first line, or any other line on the north corresponding with those called for in the deed, parol evidence was admitted, and the stronger description prevailed, that is, the course yielded to other marks of locality. But it must be confessed, however much to be lamented, that our Courts have permitted parol evidence to contradict a deed. But the furthest they have gone, is to permit
 
 marked lines and corners
 
 to be proven or shewn, when such marked lines and corners were not called for in the deed. Thus, where course and distance only are given in a
 
 *225
 
 deed, without reference to marked lines or corners, pa-rol evidence has been admitted to vary that course and distance bf showing
 
 marked
 
 lines and corners. TV Inch is in fact contradicting a deed by parol, without there being an ambiguity
 
 ;
 
 for in this case the deed refers to no such marks or boundaries, as it does in those cases where not only course and distance are given, but marked lines and corners are called for. And it is now too late to vary the rule. But 1 am not disposed to go further into error by analogous reasoning, and to permit parol evidence to contradict or vary the description, where there is no mark or vestige left. In the former cases there are some checks to frauds and perjuries, to-wit, the
 
 marked
 
 lines and corners. In the latter there are none. For the former the Courts of Justice had something like an excuse, arising from our processioning laws, which require the processioners to observo natural boundaries in the first place, marked lines and corners in the second, (meaning no doubt, when called for in the deed) and course and distance in the absence of the other two, and from our laws directing surveyors to mark the lines and corners in surveying vacant and unappropriated lands. But I can see no plausible grounds for the admission of the evidence in the present case. It would place the boundaries of our lands at the mercy of perjured, ignorant or forgetful men. And I do not think a stronger illustration can be given of the propriety of rejecting the evidence, than the facts apparent upon this record. When running on the gut or thoroughfare, that thoroughfare is made the boundary. In this the survey- or was obeying the injunctions of the act. A boundary was at hand, and he availed himself of it in his description. When running next to the river, the lines are described by courses and distances, and they arc numerous and tedious. For had he designed to have made the river the boundary, the same causes which induced him to call for the gut, would have induced him to call for
 
 *226
 
 the river, I therefore think the evidence should not have been received.
 

 There is another objection made in this case, that the grant to the Defendants for the land in dispute was not registered in the Secretary’s Office, under the act of 1777,
 
 ch.
 
 Í,
 
 sec.
 
 11. It is directed to be registered there, but it is made the duty of the Secretary to have it done, and the grantee ought not to be injured by his neglect. By the same
 
 section,
 
 it is made the duty of the grantee to have it registered in the county where the land lies, and in case of neglect it is declared void. But this penalty is not referable to the first part of the section which directs registration in the Secretary’s Office. That would be inflicting the punishment upon the innocent which is due to the guilty. Wherefore, I am of opinion, that this objection cannot be sustained. But there should be a new trial upon the point first noticed.
 

 HaxIi, Judge, and Tayuor, Chief-Justice, concurred.